ANDREW C. TREIBER et al., Respondents, *v.* CHARLES T. LANIGAN, as Executive of the County of Oneida, et al., Appellants, et al., Defendants.

Fourth Department, March 31, 1966.

*Louis J. Lefkowitz, Attorney-General (Robert M. Imrie* of counsel), for State of New York, appellant.

*William J. Halpin* and *Richard A. Frye* for Charles T. Lanigan and others, appellants.

*Tierney, Gannon & Smith* (*Peter J. Tierney* of counsel), for respondents.

*Per Curiam.* This action was commenced in May, 1965. It sought, among other things, a declaration that the present districting plan for election of Supervisors in Oneida County violated both State and Federal Constitutions. A valid plan was sought and in addition a decree that the term of Supervisors to be elected five months thereafter (Nov., 1965) would expire on December 31, 1966.

After the case was at issue and in September, 1965, an application was made for summary judgment. The decision of Special Term was made on November 30, 1965 and implemented by judgment entered January 10, 1966. Briefly stated, the judgment (1) declared invalid the existing districting plan; (2) directed that a valid plan be completed by July 1, 1966; and (3) ordered that the terms of Supervisors elected at the November, 1965 general election should expire on December 31, 1966.

We concur in the conclusions reached by Special Term as implemented in the judgment. There is ample proof in the record of much activity on the part of the board to remedy the invalid districting, but no decisive action. As early as December, 1964 the board authorized appointment of a '' Reapportionment Committee ''. During the ensuing nine months the committee held many meetings. Some 16 plans were formulated and five interim reports made. A plan was finally submitted to the board but was defeated. It is clear that absent judicial decree the board would not take affirmative action in the foreseeable future.

This absence of aggressive action has permeated the prosecution of this appeal. The blame for such delay must be shared by all parties. Special Term's decision, as stated, was made on November 30, 1965 but judgment was not entered until January 10, 1966. If the appellants thereafter had used due diligence, or if the respondents had pressed for action by appropriate motion to dismiss the appeals, the issues could have been decided months ago by this court. Instead all parties have rested on their oars and allowed this appeal to wend its leisurely way to this court some four months after the decision of Special Term. This delay necessitates some modification of the judgment.

Upon argument of the appeal it was disclosed that a plan is presently pending before the board. There should be a further

mandate that the board adopt a plan on or before April 15, 1966.

Subdivision 4 of section 34 of the Municipal Home Rule Law provides that in a county where a charter has been adopted no "local law, which in its application to such county * * * changes the voting * * * power of * * * an elective county officer during his term of office * * * or changes the form or composition of the board of supervisors of such county, shall become effective in such county until at least sixty days after its final enactment." There follow in the section alternate provisions for mandatory or permissive referendums to the duly qualified electors of the county.

We construe paragraph (b) of subdivision 4 of this section (34) when read together with section 101 of the County Law to vest in the Board of Supervisors the power to provide for the submission of such a local law to the electors at a special election without affirmative action by petition for permissive referendum. Moreover, section 206 of the Oneida County Charter (Local Laws, 1962, No. 5 of County of Oneida) provides that even where neither permissive nor mandatory referendum is required, the board "may nevertheless provide in a local law that a referendum shall be had". To resolve any doubt there should be a supplemental provision in the judgment mandating a referendum to pass on such plan by the qualified voters of the county to be held not later than June 28, 1966.

We reserve for future consideration the issue as to whether or not any such plan may be made effective by judicial decree if perchance it should be defeated in such referendum. "An individual's constitutionally protected right to cast an equally weighted vote cannot be denied even by a vote of a majority of a State's electorate." (Lucas v. Colorado Gen. Assembly, 377 U. S. 713, 736.) Otherwise stated, "the inalienable constitutional right of equal protection cannot be made to depend upon the will of the majority." (Thigpen v. Meyers, 211 F. Supp. 826, 832.)

Upon adoption of a plan by the Board of Supervisors, and approval thereof by Special Term, the defendants, Commissioners of Elections, shall take forthwith all necessary steps and all necessary procedures (1) for a special election to be held not later than June 28, 1966 to submit to the qualified electors of Oneida County the redistricting plan in the manner provided by law, and (2) for the election of Supervisors of Oneida County in accordance with said plan at the general election to be held on November 8, 1966 for a term of office to commence on January 1, 1967 and to expire on December 31, 1967.

We do not attempt to anticipate and pass upon all the procedural problems that may arise. The action is remitted to Special Term, Oneida County Supreme Court (CARDAMONE, J.) to implement the provisions of the judgment (including a determination of the validity and constitutionality of any submitted plan) as supplemented by the order to be entered herein. The mandatory provisions thereof should not be delayed or suspended, however, except upon order of this court or of a court of higher jurisdiction.

The judgment insofar as appealed from should be modified in accordance with this opinion and, as modified, affirmed without costs.

WILLIAMS, P. J., BASTOW, GOLDMAN, DEL VECCHIO and MARSH, JJ., concur.

Judgment insofar as appealed from unanimously modified in accordance with the opinion and as modified affirmed, without costs of this appeal to any party and action remitted for further proceedings in accordance with the opinion.